### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>KAY SERVICES, LLC and MARCIA SLADICH,<br><br>*Defendants.* | CIVIL ACTION NO. 08-cv-4016 (SDW)<br><br>**ANSWER**<br>**and**<br>**AFFIRMATIVE DEFENSES** |

    Defendant, Marcia Sladich, by way of Answer to the Complaint, says:

1. The defendant denies the allegations of paragraph 1 of the Complaint.

2. The defendant denies the allegations of paragraph 2 of the Complaint.

3. The defendant denies the allegations of paragraph 3 of the Complaint.

4. The defendant admits that she did not file a registration statement with the plaintiff but denies the inference that she was under a legal obligated to do so.

5. The defendant denies the allegations of paragraph 5 of the Complaint.

6. The defendant denies the allegations of paragraph 6 of the Complaint.

7. The defendant makes no response to the legal conclusions contained in paragraph 7 of the Complaint, but reserves the right to contest Jurisdiction and Venue.

8. The defendant makes no response to the legal conclusions contained within paragraph 8 of the Complaint, but denies the implication that she possesses "ill-gotten gains."

9. This defendant denies the allegations of paragraph 9 of the Complaint.

10. The defendant denies the allegations of paragraph 10 of the Complaint.

11. The defendant denies that allegations of paragraph 11 of the Complaint.

12. The defendant denies the allegations of paragraph 12 of the Complaint.

13. The defendant admits the allegations of paragraph 13 of the Complaint.

14. The defendant denies the allegations of paragraph 14 of the Complaint.

15. The defendant denies the allegations of paragraph 15 of the Complaint.

16. The defendant denies the allegations of paragraph 16 of the Complaint.

17. The defendant denies the legal conclusions contained in paragraph 17 of the Complaint and refers to the original document for its terms.

18. The defendant denies the legal conclusions contained in paragraph 18 of the Complaint and refers to the original document for its terms.

19. The defendant admits that she did not file a registration statement with the plaintiff but denies the inference that she was under a legal obligated to do so.

20. The defendant denies the allegations of paragraph 20 of the Complaint.

21. The defendant denies the allegations of paragraph 21 of the Complaint.

22. The defendant does not possess sufficient knowledge respecting the allegations contained within paragraph 22 of the Complaint to make an informed response because the investor is not specifically identified and accordingly defendant makes no response thereto, but leaves the plaintiff to its proofs.

23. The defendant does not possess sufficient knowledge respecting the allegations contained within paragraph 23 of the Complaint to make an informed response because the investor is not specifically identified and accordingly defendant makes no response thereto, but leaves the plaintiff to its proofs.

24. The defendant denies the allegations of paragraph 24 of the Complaint.

25. The defendant denies the allegations of paragraph 25 of the Complaint.

26. The defendant does not possess sufficient knowledge respecting the allegations contained within paragraph 26 of the Complaint to make an informed response because the defendant had never heard of the phrase "Ponzi scheme" prior to the institution of this suit and accordingly defendant makes no response thereto, but leaves the plaintiff to its proofs.

27. The defendant denies the allegations of paragraph 27 of the Complaint.

28.     The defendant denies the allegations of paragraph 28 of the Complaint.

29.     The defendant denies the allegations of paragraph 29 of the Complaint.

30.     The defendant denies the allegations of paragraph 30 of the Complaint.

31.     The defendant denies the allegations of paragraph 31 of the Complaint.

32.     The defendant denies the allegations of paragraph 32 of the Complaint.

33.     The defendant denies the allegations of paragraph 33 of the Complaint.

34.     The defendant denies the allegations of paragraph 34 of the Complaint.

35.     The defendant denies the allegations of paragraph 35 of the Complaint.

36.     The defendant denies the allegations of paragraph 36 of the Complaint.

## AS TO THE FIRST CLAIM FOR RELIEF

37.     The defendant repeats and reiterates her responses to the previous allegations and incorporates them herein as though they were set forth at length.

38.     The defendant denies the allegations of paragraph 38 of the Complaint.

39.     The defendant denies the allegations of paragraph 39 of the Complaint.

40.     The defendant denies the allegations of paragraph 40 of the Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF

41.     The defendant repeats and reiterates her responses to the previous allegations and incorporates them herein as though they were set forth at length.

42.     The defendant denies the allegations of paragraph 42 of the Complaint.

43.     The defendant denies the allegations of paragraph 43 of the Complaint.

## AS TO THE THIRD CLAIM FOR RELIEF

44.     The defendant repeats and reiterates her responses to the previous allegations and incorporates them herein as though they were set forth at length.

45.     The defendant denies the allegations of paragraph 45 of the Complaint.

46.     The defendant denies the allegations of paragraph 46 of the Complaint.

WHEREFORE, the defendant demands judgment dismissing the complaint together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

1. The Court lacks jurisdiction over the subject matter of this action and this defendant reserves the right to move for dismissal of the Complaint.

2. The complaint fails to state a claim upon which relief may be granted.

3. The matter in question being a private arrangement between Key Services LLC and each private investor, the SEC has no jurisdiction to prosecute this civil action.

4. Insofar as the Complaint endeavors to enjoin the defendant from continuing the business the action is moot as the company is closed and inactive.

5. The defendant at all relevant times acted solely in her capacity as an employee of Key Services, LLC under the supervision and control of Antoinette Key and as such performed no discretionary acts which could give rise to actionable claims by the plaintiff.

6. This defendant reserves the right to amend this Answer to assert additional defenses upon the completion of an investigation now being conducted and upon the completion of scheduled discovery.

## CROSSCLAIM FOR INDEMNIFICATION

This defendant avers that it is free from fault, but if this defendant is held liable for the causes of action stated within the Complaint, such liability will be vicarious in that it is merely constructive, technical or imputed, and under those circumstances this defendant is entitled to common law indemnity from co-defendant, Kay Services, LLC.

WHEREFORE, defendant demands indemnity together with costs of counsel fees against co-defendant Kay Services, LLC.

## ANSWER TO CROSSCLAIMS

This defendant denies each and every allegation contained in any crossclaim filed by any other defendant in this proceeding.

*/S/ Dominic V. Caruso*

Dominic V. Caruso, Esq. (DC-0371)
1037 Route 46 East Ste 105
Clifton, New Jersey 07013
(973) 614-8646
Attorney for Defendant, Marcia Sladich

Dated 12/5/2008