UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,   :
                                      :
                        Plaintiff,    :
                                      :
            -against-                 :
                                      :   08 Civ. 4016
                                      :   (SDW)(MCA)
                                      :
KAY SERVICES, LLC and                 :
MARCIA SLADICH,                       :
                                      :
                        Defendants.   :
-----------------------------------------------------------------x

# DEFAULT JUDGMENT AND ORDER

The Court having reviewed Plaintiff Securities and Exchange Commission's motion for a default judgment against defendant Kay Services LLC ("Kay Services"), including its memorandum of law in support of the motion, the declaration of Ibrahim Sajalieu Bah, and the exhibits attached thereto; no opposition having been submitted thereto; no counsel having appeared for Kay Services or submitted any opposition hereto ~~at the hearing scheduled in this matter on March __, 2010, at __:00 a.m.;~~ and for good cause shown, it is hereby ORDERED, ADJUDGED AND DECREED:

The motion is GRANTED;

1. Defendant Kay Services and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, singly or in concert, in the offer, purchase or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, employing any device, scheme or artifice to defraud; obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser, in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder, [17 C.F.R. § 240.10b-5].

2. Defendant Kay Services and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act

[15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell a security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to such security;

    (b)    Carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

3.    Within thirty (30) days of the date of this Judgment, Defendant Kay Services shall pay disgorgement in the amount of $2,984,895, representing the ill-

gotten gain as a result of the conduct alleged in the Commission's complaint and as supported by the additional disgorgement evidence proffered by the Commission in support of its motion, together with prejudgment interest thereon in the amount of $397,273. Defendant Kay Services shall satisfy this obligation by paying $3,382,168 within thirty (30) business days after entry of this Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. Payment under this paragraph shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Kay Services as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Defendant Kay Services shall simultaneously transmit photocopies of any such payment and letter to the Commission's counsel in this action (Ibrahim S. Bah, Staff Attorney, Securities and Exchange Commission, 3 World Financial Center, Suite 400, New York, NY 10281). The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after thirty days following entry of this Judgment. In response to any such civil contempt motion by the Commission, defendant Kay

Services may assert any legally permissible defense. Post-judgment interest on any delinquent amounts shall be paid pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

4. Within thirty (30) days of the date of this Judgment, defendant Kay Services shall pay a civil money penalty in the amount of $ _450,000_ , pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall make this payment within thirty (30) days after entry of this Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying defendant Kay Services as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

5. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is ordered to enter this Judgment forthwith and without further notice.

6. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: ~~March~~ February 17, 2010

Newark, New Jersey

_____
HON. SUSAN D. WIGENTON
United States District Judge